## UNITED STATES vs. SHELLENBERGER.

COLUMBIANA.
December 1818

United States
v.
Shellenberger

To a scire facias, to shew cause why the defendant should not be made a party defendant to a judgment rendered against his co-obligor, the plea of *nil debit* cannot be received.

SCIRE FACIAS BROUGHT UNDER THE PROVISIONS OF THE SECOND SECTION OF THE "ACT PROVIDING FOR THE SERVICE AND RETURN OF PROCESS IN CERTAIN CASES."

The *scire facias* set out the proceedings in an action brought in this court, by the present plaintiff, against M. Shellenberger, G. White and A. Shellenberger, in debt on a joint obligation: the writ was returned, served as to M. Shellenberger, and not found as to White and A. Shellenberger. The plaintiff declared against M. Shellenberger, and such proceedings were had, as that a judgment was entered up against him at the last March term. This writ was sued out, to make White and A. Shellenberger parties to that judgment, and was returned served as to Shellenberger, and *non est* as to White: an office judgment had been signed for want of a plea, and now

HALLOCK for the plaintiff, moved for an affirmance of the office judgment. WRIGHT for the defendant, asked to have the office judgment set aside and for leave to plead *nil debit*.

PRESIDENT.—This is a proceeding unknown to the common law, and wholly regulated by statute; it is also the first case I have known under this law: we have not, therefore, the advantage of experience as to its effect and operation, or the light of others to guide us in its construction. The statute directs the Sheriff, when he has a writ against several, upon some of whom it cannot be served, to make return of his service so far as it is made, and to endorse thereon " not found " as to the defendant or defendants who are not to be found in his county. It then authorises the plaintiff to file a declaration against the defendant, upon whom service has been made, suggesting therein the return endorsed on the writ, and to proceed to judgment, and then provides, that " after such judgment hath been obtained the plaintiff may, by a writ of *scire facias*, cause the defendant or defendants on whom such process hath not been served, to be made parties to the said judgment, unless such defendant or defendants shew good and sufficient cause why judgment should not be entered against him, her or them; and the defendant or defendants, made parties to the judgment as aforesaid, shall be subject to the same final process, as though he, she, or they, had been duly taken with a capias, or served

COLUMBIANA. with a summons, and had thereupon appeared and
December 1818 received a declaration, and made a defence or suffered
United States a default." The object of this suit is to make the
*v.*
Shellenberger defendant a party to the judgment obtained against M.
Shellenberger, a judgment the regularity of which cannot be here
drawn in question; but how far it is to conclude those who were not
parties to it, may be of importance to consider. The original suit was
brought on a joint obligation. If M. Shellenberger appeared and
made defence, a judgment could not have been obtained against him,
without proof of the execution of the bond by White and A. Shellen-
berger; in such case, therefore, I incline to think, that the judgment
would conclude all the parties to the bond, though they were not all
parties to the suit; for, whatever must necessarily have been proven to
warrant the judgment is settled by the judgment; so that, in such
case, non est factum would seem to be an insufficient plea. But if the
party upon whom the summons was served, did not appear, but
suffered judgment to be taken against him by default, as was the case
here, such default, although it is an acknowledgement of the execu-
tion of the bond on his part, cannot be extended to contain an
acknowledgement which he had no authority to make for others; and
proof of the execution of the bond, not being necessary to the validity
of a judgment against him, it cannot be concluded as made as to the
others; so that a plea of *non est facium* might be considered as a reg-
ular mode for the defendant here to shew cause why judgment should
not be entered against him; this, however, is not asked for, but leave
to plead *nil debit,* that is to plead a plea, which, if put into the origi-
nal suit, would have been bad on demurrer. Such plea to a bond
admits the execution of it; and, when that is admitted, the party is
estopped by his own acknowledgement to deny the debt. What would
not have been a good bar to the action on the bond, cannot be a good
cause why judgment should not be entered against the defendant,
unless it be matter which has arisen since the judgment, and goes in
discharge of it. Considering the former judgment as conclusive of
whatever must have been admitted or proven to obtain it, no plea to
the *scire facias* can be received which impeaches such conclusion; but
everything consistent with it, which may shew that the defendant
ought not to be made liable, may be pleaded. The plea now offered,
whether it is intended to be applied to the original cause of action, to
the judgment, or to the *scire facias,* contains no denial of either; its
operation, if pleaded to the bond, we have seen; it cannot apply to

the judgment, for that is not a judgment against this COLUMBIANA. defendant; and further, such plea to a domestic judg- December 1818 ment cannot be received; as a plea to the *scire facias,* Craighead *v.* it is altogether loose and uncertain, and subject to the Kemble. same objections as if offered to the bond or the judgment; it cannot be received, therefore, as shewing any cause why the defendant should not be made a party to the judgment. *Office judgment affirmed.* "Whereupon, it is considered by the court, that the said A. Shellenberger be, and he is hereby made defendant to the said judgment; and that the said United States recover of the said A. Shellenberger their costs about their suit in this behalf expended, and that execution," &c.